

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMY NATHAN MOODY, | No.    15-56768 |
| Petitioner-Appellant, | D.C. No.<br>2:08-cv-04530-ODW-AJW |
| v. | |
| ERIC ARNOLD, Acting Warden;<br>CALIFORNIA DEPT. OF<br>CORRECTIONS, Ironwood State Prison, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted October 6, 2017
Pasadena, California

Before:  RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**]
District Judge.

Petitioner-Appellant Jimmy Nathan Moody (Moody) appeals the district

court's denial of his petition for a writ of habeas corpus.  Following a jury trial,

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Moody was convicted of first-degree murder, attempted murder, and shooting at an inhabited dwelling. Moody asserts a claim of actual innocence. Moody's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996, and habeas relief may be granted only upon a finding that the last reasoned state court decision rejecting his claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Godoy v. Spearman*, 861 F.3d 956, 962 (9th Cir. 2017) (citation omitted).

The last reasoned decision addressing Moody's actual innocence claim was the California Superior Court decision denying habeas relief on this claim. In denying Moody's habeas petition, the Superior Court of California held that Moody had failed to make a sufficient showing to warrant relief. Specifically, the Superior Court found that the declarations provided by Moody did not "point unerringly to the innocence of Petitioner." *In re Richards*, 55 Cal. 4th 948, 959 (2012).

Assuming, without deciding, that a freestanding claim of actual innocence is cognizable in a federal habeas petition, *see Herrera v. Collins*, 506 U.S. 390, 417 (1993), the Superior Court's determination was not "contrary to" or "an unreasonable application" of clearly established federal law. *See id.* (observing

2

that a successful actual innocence claim would have to meet an "extraordinarily high" "threshold showing").

**AFFIRMED.**